UNITED STATES OF AMERICA
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-551-CG-B |
| | ) | |
| THE CONTENTS OF J.P. MORGAN CHASE BANK, N.A., ACCOUNT NO. XXXXXX9951 in the name of BARDAN INTERNATIONAL, INC., INCLUDING AND UP TO $50,000.00, <u>in</u> <u>rem</u>, | ) ) ) ) ) | |

## ORDER

At issue in this case is the government's seizure of $50,000.00 held in the name of the claimant, Bardan International, Inc. ("Bardan"), in account number XXXX9951 at J.P. Morgan Chase Bank, N.A., in Miami Florida (the "$50,000"). The government filed a civil forfeiture complaint on October 8, 2010 (Doc. 6), seeking to seize the $50,000 pursuant to two federal statutes. The first statute is the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), codified at 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any property involved in a transaction or attempted transaction in violation of the anti-money laundering provisions of 18 U.S.C. §§ 1956 and 1957, and any property traceable to such a transaction. The second statute is 21 U.S.C. § 881(a)(6), which subjects to civil forfeiture all money or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of the Controlled Substances Act; all proceeds traceable to such an exchange; and all money used or intended to be

1

used to facilitate any violation of the Controlled Substances Act. The government also states in its complaint that, to the extent that some funds in the same bank account are not directly traceable to the alleged offenses which form the bases for the forfeiture, they are nevertheless considered the same as the directly traceable funds under 18 U.S.C. § 984, and therefore are subject to forfeiture. (Doc. 6, p. 2).

Bardan filed a motion to dismiss on October 5, 2011, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule E(2)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). (Doc. 14).

## FACTUAL BACKGROUND

The government alleges the following facts in its complaint. In September 2009, agents from the Immigration and Customs Enforcement Agency (ICE) and the Internal Revenue Service (IRS) ("the undercover agents") began investigating the activities of money brokers operating in the country of Colombia, and uncovered what they suspected was a scheme to launder money from the sale of illegal drugs. (Doc. 6, p. 20). Specifically, on September 24, 2009, a co-conspirator contacted an undercover agent and informed him that a Colombian money broker had requested assistance in laundering drug proceeds being stored in the vicinity of Los Angeles, California. Id. at 23. The undercover agent told the conspirator to provide the money broker with the mobile telephone number of another undercover agent in Los Angeles. Id. It was ultimately agreed that a Los Angeles-area associate of the money broker would contact the undercover agent in Los Angeles and arrange to

deliver drug proceeds, referred to in coded language as "documents." Id. at 23-24. The next day, September 25, the money broker contacted his co-conspirator and inquired about whether his Los Angeles-area associate had called the Los Angeles-area undercover agent yet. Id. at 23. During the conversation, the money broker stated that his associates usually "cross" their merchandise during the weekend, but said that they were having trouble due to a recent shooting at the border. Id. at 24. In subsequent conversations, the money broker told his co-conspirator that he had a route from Columbia to Honduras, Guatemala, and Mexico, which the co-conspirator understood to mean a route for smuggling cocaine to the United States. Id.

After several telephone calls back and forth between the undercover agent in Los Angeles and several of the money broker's associates, one of the associates met the undercover agent on October 9, 2009, in a parking lot in City of Industry, California, and delivered a large amount of U.S. currency to him. Id. at 25. When the currency was counted later, it amounted to $299,790.00. Id. The money was subsequently deposited into an ICE-controlled undercover bank account which was set up in Mobile, Alabama, in order to receive the suspected drug proceeds and to wire transfer them according to the instructions they received from the Colombian money broker and his co-conspirators. Id.

Between October 14 and October 20, 2009, a total of $206,950 of this money was wired from the ICE-controlled undercover bank account in Mobile to various domestic and foreign bank and investment accounts as directed by the money

broker and his co-conspirators.  Id.  More specifically, on October 14, the money broker sent a fax to a co-conspirator containing wiring instructions that directed that $50,000.00 be sent to Washington Mutual Bank (now owned by J.P. Morgan Chase Bank, N.A.) located in Miami, Florida, to the benefit of Bardan International, Inc., 520 Brickell Key Drive, Miami, Florida 33131; account number XXXX9951, the contents of which are the subject of this action.  Id. at 25-26.  The money was subsequently wired from the undercover account as directed on the afternoon of October 14, 2009.  Id. at 26.

As a post-script, on March 4, 2010 (approximately five months later), law enforcement agents began surveillance of a house in Colton, California, which was linked to the person who handed over the $299,790 in cash to the undercover agent in the parking lot in City of Industry.  Id.  After obtaining a search warrant, the law enforcement agents searched the house and found approximately ten kilograms of cocaine and an additional $159,820 in U.S. currency.  Id. at 27.

## STATEMENT OF THE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss when a complaint fails to state a claim upon which relief can be granted. To withstand a motion to dismiss, a complaint must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' "  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The court construes the complaint in the plaintiff's favor, and accepts the facts it alleges as true.  M.T.V. v. DeKalb County Sch. Dist., 446 F.3d 1153, 1156

(11th Cir. 2006). However, "a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, as "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a wholly conclusory statement of a claim cannot, without more, survive a motion to dismiss. See Weissman v. Nat'l Ass'n of Sec. Dealers, Inc., 500 F.3d 1293, 1303 (11th Cir. 2007) (citing Twombly, 550 U.S. at 561–62).

In this matter, the traditional pleading rules are modified by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). See 18 U.S.C. § 983(a)(3)(A). The parties cite two Supplemental Rules in particular -- Supplemental Rule E ("Rule E") and Supplemental Rule G ("Rule G") -- each arguing that the Supplemental Rule it cites is the relevant pleading standard applicable to the government's complaint. See Docs. 14, 24, and 25.

Bardan points to Rule E, which applies to "actions in rem," as containing the correct pleading standard. (Doc. 14, p. 1). Under Rule E, complaints must "state the circumstances from which the claim arises with such particularity that the ... claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Supp. Rule E(2)(a).

The government cites Rule G, which specifically governs complaints of "forfeiture action[s] in rem arising from a federal statute." Supp. Rule G(1). Rule

5

G does not require forfeiture complaints to be plead with particularity; instead, they need only contain "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. Rule G(2)(f). In addition, Rule G(8)(b)(ii) provides that "in an action governed by [CAFRA] ... the sufficiency of the complaint is governed by Rule G(2)."

Some district courts within the Eleventh Circuit have held that "[c]ourts are to evaluate the sufficiency of a complaint under standards established by [Rule G]." United States v. 4323 Bellwood Circle, Atlanta, Ga. 30349, 680 F.Supp.2d 1370, 1372 (N.D.Ga. 2010). See also United States v. $22,010.00 in U.S. Funds, No. 5:09–cv–198, 2010 WL 1050410 at *2 (M.D.Ga. May 18, 2010) ("The pleading requirements are modified in a civil action for forfeiture because the complaint must be made in accordance with [Rule G] for Certain Admiralty or Maritime Claims."); United States v. $25,511.65 in U.S. Funds, No. 7:09–cv–130, 2010 WL 3732935 at *3 (M.D.Ga. Sept.17, 2010) (applying the Rule G standard in evaluating a motion to dismiss); United States v. Real Property, No. 3:08–cv–89, 2008 WL 3200271 at *1 (M.D.Fla. Aug.5, 2008).

Other courts within the Eleventh Circuit look to both Rule E and Rule G in determining the sufficiency of forfeiture complaints. See United States v. Assets Described in Attachment A to the Verified Complaint for Forfeiture In Rem, No. 6:09–cv–1852, 2010 WL 1893327 at *5 (M.D.Fla. May 11, 2010); United States v. $220,562.00 in U.S. Funds, No. 5:08–cv–364, 2009 WL 789653 at *1 (M.D.Ga. Mar. 23, 2009); United States v. $1,370,851.62 in U.S. Currency, No. 09–cv–21277, 2009

6

WL 3400510 at * l–2 (S.D.Fla. Oct. 21, 2009); United States v. $15,740.00 in U.S. Funds, No. 5:07–cv–375, 2008 WL 2227511 at *1 (M.D.Ga. May 27, 2008).

The practical difference between these two lines of cases, however, is minimal. Although Rule E requires complaints to be pleaded with sufficient particularity to permit a factual investigation and responsive pleading, courts that apply both Rule E and Rule G do not require that complaints "set forth the alleged illegal activities [that subject seized property to forfeiture] in specific detail." $220,562.00 in U.S. Funds, 2009 WL 789653 at *1. Instead, a complaint is pleaded with sufficient particularity if it states "facts sufficient to support a reasonable belief that the cash was [subject to forfeiture]." $15,740.00 in U.S. Funds, 2008 WL 2227511 at *1.

In short, the Eleventh Circuit's standard for sufficiency of forfeiture complaints is substantively uniform. Whether evaluated under Rule G, or under both Rule E and Rule G, the government's complaint must set forth facts that support a reasonable belief that the money in the Bardan account is subject to forfeiture. Furthermore, this "reasonable belief" standard does not require the government to set forth illegal activity in detail: "[c]omplaints have been allowed even though they specified no date or location of any purported or intended unlawful dealings, no dollar amounts, and no specific types or quantities of contraband sold." United States v. $220,562.00 in U.S. Funds, No. 5:08–cv–364, 2009 WL 789653 at *1 (M.D.Ga. Mar. 23, 2009) (citing United States v. Two Parcels of Real Property Located in Russell County, Ala., 92 F.3d 1123, 1127 (11th Cir.

7

1996)). It is sufficient, for purposes of surviving a motion to dismiss, to show facts which support a reasonable belief that the cash was furnished or intended to be furnished in exchange for a controlled substance or was traceable to such an exchange.

**SUFFICIENCY OF THE GOVERNMENT'S PLEADING**

Bardan argues that the complaint is insufficient because the government's redactions to the factual allegations contained in its complaint cause it to lose the necessary particularity required for Bardan to commence an investigation of the facts and to frame a responsive pleading without first having to move for a more definite statement. (Doc. 14, p. 4) (citing Supp. R. E(2)(a)).

In evaluating evidence that allegedly supports forfeiture, courts look to the "totality of the circumstances" and "a common sense view to the realities of normal life." See United States v. $183,791.00 in U.S. Currency, 2010 WL 3096146 at *2 (11th Cir. August 9, 2010) (citing United States v. $242,484.00, 389 F.3d 1149, 1160 (11th Cir. 2004)).

The facts alleged in the government's complaint and summarized, supra, support a reasonable belief that the $50,000 is subject to forfeiture. The Eleventh Circuit in the past has relied on similar evidence as presented here to find that probable cause existed[1], including admissions to co-conspirators, see United States

---

[1] Although the burden of proof in a civil forfeiture case is now the preponderance of the evidence, 18 U.S.C. § 983(c)(1), the fact that the Eleventh Circuit found these types of evidence sufficient to meet a probable cause standard is informative at this stage of litigation, where the issue is merely whether or not the government has pleaded facts that support a reasonable belief that the $50,000 seized is subject to forfeiture under 21 U.S.C. § 881(a)(6).

v. Single Family Residence and Real Property Located at 900 Rio Vista Blvd., Fort Lauderdale, 803 F.2d 625, 629 (11th Cir. 1986), and the presence of a very large amount of cash, see United States v. $4,255,000, 762 F.2d 895, 903-04 (11th Cir. 1985). See also United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in State of Alabama, 941 F.2d 1428, 1442 (11th Cir. 1991). Viewed together, the allegations contained in the complaint -- that of a Colombian money broker reaching out for assistance in laundering money and speaking of north-bound routes from Colombia through much of Central America; of border shootings delaying the "crossing" of "merchandise," and of large sums of U.S. currency handed over in a parking lot in California and ultimately wired to a bank account in Miami, support a reasonable belief that the seized funds are traceable to an exchange for a controlled substance in violation of the Controlled Substances Act. The court notes that only the names of the parties are redacted, with dates, locations, and dollar amounts left in. The government's complaint therefore states sufficiently detailed facts that support a reasonable belief that the government will be able to meet its burden of proof at trial and show that the seized funds are subject to forfeiture under 21 U.S.C. § 881(a)(6).

For the same reasons as stated above, the court also finds that the complaint states sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial and show that the $50,000 is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) as property involved in a transaction or attempted transaction which violates the anti-money laundering provisions of 18

9

U.S.C. § 1956 and the proscriptions against transactions involving property derived from specified unlawful activity contained in 18 U.S.C. § 1957.

In viewing the complaint at issue here under the standards of both Rule E(2)(a) and Rule (G)(2)(f), the court finds that it is sufficient to withstand claimant's motion to dismiss. Accordingly, for the reasons enumerated above, Bardan's motion to dismiss is hereby **DENIED**.

**DONE** and **ORDERED** this 13th day of December 2011.

/s/ Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE
